Wendy Curtis Palen
Palen Law LLC
P.O. Box 156
Glendo, WY  82213
307-735-4022

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **)** |
| Plaintiff, | **)** |
| v. | **)CASE NO.: 26-CR-39-SWS** |
| **JOSE BENITO OCON** | **)** |
| Defendant, | **)** |

**MOTION TO DISMISS INDICTMENT DUE TO PROSECUTORIAL
MISCONDUCT AND STRUCTURAL DEFECT IN GRAND JURY
PROCEEDING**

Defendant, Jose Benito Ocon, by and through counsel, respectfully moves this Court under Federal Rule of Criminal Procedure 12(b)(3)(A)(v) and the Fifth Amendment to the United States Constitution for an order dismissing the indictment. The requested relief is warranted because of egregious prosecutorial misconduct which violated Mr. Ocon's right to an unbiased grand jury.

## I. FACTUAL BACKGROUND

On March 16, 2026, prior to the presentation of any evidence, witnesses, or testimony in this matter, the United States Attorney for the District of Wyoming, Darrin Smith, addressed the entire grand jury pool as they assembled for orientation and empanelment. During this address, the prosecutor impermissibly said the following to the prospective grand jurors:

1. That "every case" the grand jury would hear "involves bad people" who "did what they say they did."

2. That the targets of the investigations are "murderers."

3. That the government's evidence in these cases is so overwhelmingly strong that the jurors will be able to return an indictment in mere minutes, like grand jurors did during the last grand jury.

Shortly after these inflammatory remarks, the grand jury was seated, and the government presented the case against Mr. Ocon. Following the presentation, the grand jury returned a True Bill.

## II. LEGAL STANDARD

The Fifth Amendment of the United States Constitution guarantees the right to indictment by an unbiased grand jury. *Costello v. United States*, 350 U.S. 359, 363 (1956). Relevant here, "[t]he prosecutor may not circumvent the constitutional safeguard of a grand jury by overreaching conduct that impinges on the grand jury's autonomy and interferes with its exercise of unbiased judgment." *United States v. De Rosa*, 783 F.2d 1401, 1404 (9th Cir. 1986). In the face of such prosecutorial overreach, Rule 12(b)(3)(A)(v) of the Federal Rules of Criminal Procedure affords a defendant the right to move to dismiss the indictment.

When analyzing the merits of such a motion, a court must first determine if the defect in the grand jury proceeding is structural. *See United States v. Benjamin*, No. CR 2016-0021, 2019 WL 4920875, at \*7 (D.V.I. Oct. 5, 2019), aff'd sub nom. *United States v. Gussie*, 51 F.4th 535 (3d Cir. 2022). A structural error occurs when the "structural protections of the grand jury have been compromised so as to render the proceedings fundamentally unfair." *Id.* at \*8 (internal quotation marks omitted).

If an error is structural, the defendant need only prove the error occurred to secure the request relief. *Id.* at \*7.

Non-structural errors, by comparison, require an additional step. For non-structural errors the defendant must show: (1) that the error occurred, and (2) that the error prejudiced the defendant. *Id.* at \*6-7. In this context, prejudice exists when there is "'grave doubt' that the decision to indict was free from the substantial influence of [the] violation." *Id.* (citing *United States v. Jennings*, 991 F.2d 725, 729 (11th Cir. 1993) (applying *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988)).

As explained below, the prosecutorial misconduct in this case constitutes structural error. However, even if the error is deemed non-structural, the error prejudiced Mr. Ocon. In other words, dismissal of the indictment is warranted regardless of the error's classification.

## III. ARGUMENT

### A. The prosecutor committed structural error.

The primary constitutional function of the grand jury is to stand as an independent and impartial buffer "between the accuser and the accused" to protect citizens against unfounded criminal prosecutions. *United States v. Williams*, 504 U.S. 36, 47 (1992). At minimum, the Fifth Amendment ensures, as a basic structural protection, an "unbiased grand jury." *Costello v. United States*, 350 U.S. 359, 363 (1956). The prosecutorial misconduct in this case severely eroded this basic structural protection.

By explicitly instructing the grand jury pool that the individuals they would hear about were "bad people," "murderers," and guilty of the alleged conduct before a single witness was sworn, the government unconstitutionally encroached upon the grand jury's independence. The prosecutor did not present evidence; rather, they presented conclusive, prejudicial assertions of guilt that effectively transformed the grand jurors from independent evaluators of probable cause into a rubber stamp for the prosecution.

Importantly, the Tenth Circuit Court of Appeals has specifically observed that such conduct constitutes a fundamental error—*i.e.,* a structural error. *United States v. Lopez-Gutierrez,* 83 F.3d 1235, 1245 (10th Cir. 1996). In that court's words, any attempt by the "government to unfairly sway the grand jury" would transgress a defendant's right to fundamental fairness. *Id.* So too does "flagrant or egregious [prosecutorial] misconduct which significantly infringe[s] on the grand jury's ability to exercise independent judgment." *Id.* Such coercion is wholly incompatible with the Fifth Amendment's guarantee of an unbiased grand jury, renders the proceeding fundamentally unfair, and constitutes a severe structural defect that permits the presumption of prejudice.

Finally, when considering whether an error is so fundamental that prejudice is presumed, courts consider whether the error was "broad-scale" and "pervasive" to such an extent that it causes injury "to the jury system, to the law as an institution, to the community at large, and to the democratic ideal reflected in the process of our

4

courts." *Benjamin*, 2019 WL 4920875, at * 9 (citing *Ballard v. United States*, 329 U.S. 187, 195 (1946). Such is the case here.

This is not a case where a single piece of inadmissible hearsay or an isolated prejudicial comment was introduced during an otherwise valid evidentiary presentation. The misconduct here poisoned the well before proceedings even began. It impacted not only the defendant in the above-captioned case, but every defendant whose case was considered by the grand jury that week. When the government indoctrinates the entire jury pool with predetermined guilt and instructions on how quickly to return an indictment, the structural integrity of every subsequent proceeding heard by that grand jury is irreparably broken. Thus, the prosecutor's flagrant misrepresentations not only erases any notion of an unbiased jury but injures the very democratic ideal reflected in the empaneling of an independent grand jury. *See Lopez-Gutierrez*, 83 F.3d at 1244 (defining a structural error as on that threatens the defendant's "right to fundamental fairness in the criminal process") (internal quotation marks omitted).

## B. Even if deemed non-structural, the error was prejudicial.

If the court characterizes the U.S. Attorney's actions as non-structural error, the requested relief is still warranted as the error impacted Mr. Ocon. To establish prejudice, Mr. Ocon the violation substantially influenced the grand jury's decision to indict, or that there is "grave doubt" the decision was free from such influence. *Bank of Nova Scotia*, 487 U.S. at 256.

Here, there is every reason to doubt that the decision in this case was not influenced by the inflammatory comments. To start, the prosecutor's assertion that the evidence is so strong that the jurors should be able to return an indictment in minutes like the previous grand jury is highly coercive. As the witness to the comments attests, the prosecutor effectively instructed the jury to reach a decision without considering the evidence or the law. Before presenting any evidence, the prosecutor told the grand jurors that the targets of the indictments were "bad," that they were guilty, and that they could reach a decision within minutes—i.e., without any deep, considered, independent consideration.

This comparative pressure strips the grand jury of its deliberative function. It signals to the jurors that a failure to indict immediately is a failure to perform their duties to the standard of their predecessors. To say, without a doubt, that the jurors were not influenced by such comments would rely on the assumption that the jurors wholly ignored the prosecutor as they assembled but then complied with their obligation to pay attention to the prosecutor once the formal proceedings commenced. Such an assumption beggars belief.

## C. In the alternative, this Court should conduct an in camera voir dire of the jury panel.

If prejudice need be shown, and found lacking, Mr. Ocon respectfully requests that this Court unseal the transcripts and conduct an in camera examination of the grand jurors to determine if they were influenced by the prosecutor's comments. Rule 6 of the Federal Rules of Criminal procedure authorizes a court to disclose a grand-jury matter "at the request of a defendant who shows that a ground may exist to

6

dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). Here, for the reasons articulated above, at the very least "a ground *may* exist" to dismiss the indictment. *Id.* Specifically, the prosecutor engaged in flagrant misconduct that invaded the independence of the grand jury. This is a valid ground for the dismissal of an indictment.

Accordingly, if this Court deems the error non-structural and determines that prejudice has not yet been shown, Mr. Ocon respectfully requests that this Court conduct an in camera voir dire of the empaneled grand jury to determine 1) if they heard the comments, and 2) if they were influenced by those comments. Such questioning is necessary to definitively show the extent of the impact the comments had on the jurors.

## IV. CONCLUSION

The grand jury was established to function as a shield for the innocent against malicious and oppressive prosecution.[1] It was never intended to serve merely as a rubber stamp for the prosecutor. By addressing the prospective grand jurors before voir dire with highly inflammatory declarations of the defendants' guilt and explicitly pressuring them to return a true bill in a matter of minutes, the government obliterated the structural independence of the grand jury. This flagrant attempt to unfairly sway the panel constitutes a fundamental error that rendered the proceedings inherently unfair from their inception. Where the structural protections

---

[1] *See* M. Frankel & G. Naftalis, The Grand Jury: An Institution on Trial 6 (1975)

of the grand jury have been so thoroughly compromised, prejudice must be presumed, and the resulting indictment must be dismissed.

Should this Court deem the error non-structural, it cannot be said, without doubt, that the inflammatory comments in no way impacted the jury's deliberations. In other words, the comments prejudiced Mr. Ocon.

Finally, and in the alternative, should this Court find that prejudice has not yet been proven, Mr. Ocon respectfully moves this Court to unseal the grand jury transcripts and voir dire the jury panel to independently assess whether the comments influenced the juror's decision-making process.

**WHEREFORE**, the Defendant respectfully requests that this Court grant the Motion to Dismiss the Indictment or, in the alternative, enter an order releasing the transcripts, conduct an in-camera voir dire of the grand jury panel, and grant such other and further relief as the Court deems just and proper.

DATED this 28th day of April 2026.

Respectfully submitted,

/s/ *Wendy Curtis Palen*
Wendy Curtis Palen  #6-3396
Palen Law, LLC
PO Box 156
Glendo, WY  82213
(307) 735-4022

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 28th day of April, 2026, a copy of the foregoing was delivered by CM/ECF service to counsel of record.

/s/*Wendy Curtis Palen*